# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN GOODWIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM INSURANCE, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00431-SAB<br><br>ORDER SCREENING COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Duchun Goodwin ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action on April 14, 2025. Plaintiff's complaint is currently before the Court for screening.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato, 70 F.3d 1106.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names State Farm Insurance ("State Farm") and the California Department of

1  Insurance ("CDI") as defendants in this action. (ECF No. 1 ("Compl.") at 1.) Plaintiff alleges he
2  has been diagnosed with ADHD and PTSD. (Id.) Plaintiff lists the following seven "core
3  allegations": (1) State Farm knowingly listed their office address as the Plaintiff's mailing
4  address without consent, intercepted critical mail, and altered Plaintiff's contact information for
5  over a year; (2) Plaintiff discovered and reported this action via email to Laura Selby and only
6  after this exposure was the mailing address corrected; (3) State Farm's local agent, Phillip,
7  scheduled an appraisal on February 23, 2021, yet no appraisal occurred, which led to failure to
8  relocate Plaintiff under proper claims handling standards; (4) mail sent from the federal court
9  was returned under the false premise that Plaintiff did not reside at his address; (5) Plaintiff was
10 kicked out of hotel accommodations on October 5, 2020, following a false claim by Poonam
11 Kelsey from State Farm that Plaintiff owed a $900 rental abatement and $500 deductible, which
12 Plaintiff alleges are figures that were never communicated nor agreed upon; (6) State Farm
13 consistently lied through calls, emails, and denial of benefits while claiming the matter had been
14 settled; and (7) the CDI, including investigator Liza Pedrosa, failed to act or properly investigate
15 despite repeated complaints since 2020. (Id.)

16 Plaintiff requests relief in the form of the issuance of subpoenas to Defendants,
17 emergency injunctive relief to preserve housing and credit status, monetary damages, and a
18 judicial declaration holding Defendants accountable for regulatory misconduct and violations of
19 Plaintiff's rights. (Id. at 2.)

**III.**

**DISCUSSION**

**A.   Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S.

1 at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Court notes Plaintiff has filed five other civil actions against the same defendants in the past two years.[1] In recommending dismissal of the following cases, courts provided Plaintiff the requisite pleading standard under Rule 8. See Goodwin v. State Farm Gen. Ins. Co., Case No. 1:23-cv-00165-ADA-HBK (initial complaint filed February 2, 2023, against State Farm, Philip Call, Poonam Kalsi, and Laura Selby for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed as deficient and facially frivolous); Goodwin v. State Farm Gen. Ins. Co., No. 1:23-CV-00232-SAB (initial complaint filed on February 15, 2023, against State Farm and its agents for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed for failure to state a claim); Goodwin v. The California Dep't of Ins., Case No. 1:23-cv-00259-JLT-HBK (initial complaint filed on February 21, 2023, against the California Department of Insurance and its agents, including Liza Pedrosa for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed because the amended complaint was devoid of any parties or facts that would permit the Court to find that is has jurisdiction, failed to comply with Rule 8, and failed to establish an arguable basis in law or fact and was therefore facially frivolous); Goodwin v. The California Dep't of Ins., Case No. 23-cv-00346-JLT-HBK (filed on March 8, 2023, against the CDI for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed for failure to prosecute); Goodwin v. State Farm Gen. Ins. Co., Case No. 24-cv-00795-JLT-SAB (initial complaint filed on July 9, 2024, against State Farm and its agents, including Poonam Kalsi, Laura Selby, and Phillip Call, for violations of sections 102 and 103 of

---

[1] The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978)); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.")

the Civil Rights Act of 1991; 41 U.S.C. § 6503; 48 C.F.R. 52.233-4; California Insurance Code Section 790.03(h); 10 C.C.R. §§ 2695.7 and 2695.9; dismissed for failure to state a claim that invokes this Court's jurisdiction, failure to prosecute, and failure to comply with a Court order).

Despite being well aware of the federal pleading standards, Plaintiff's instant complaint does not comply with Rule 8. While it is short, it does not clearly state what happened. Instead, Plaintiff's complaint is an impermissible "shotgun" pleading. See Hughey v. Camacho, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (noting a shotgun pleading occurs when "one party pleads multiple claims and does not identify which specific facts are allocated to which claim.") Plaintiff's lists eight causes of action but does not state which of his seven "core allegations" relate to which claim, how the facts relate to the elements of the legal claims raised, nor which Defendant is implicated in each claim.

Courts may dismiss a complaint for failure to comply with Rule 8 even when the complaint is not "wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id. The Court has repeatedly provided Plaintiff guidance that a civil complaint must contain sufficient facts showing the plaintiff is entitled to relief and that each defendant's involvement must be sufficiently alleged. The Court shall grant Plaintiff <u>one opportunity</u> to file an amended complaint that complies with Rule 8. If he chooses to amend his complaint to include numerous claims and defendants, Plaintiff must separate each cause of action; state which Defendant he believes is liable for that cause of action; and identify concise factual allegations that support both the legal standard for the cause of action and show that the particular Defendant committed the violation asserted.

### B. Plaintiff's Claims

As stated, Plaintiff's complaint falls far short of complying with the well-pleaded complaint rule. However, should Plaintiff choose to amend his complaint, the Court provides the following relevant legal standards.

///

1. RICO

Plaintiff alleges a violation of "Federal RICO statutes – coordinated misconduct across multiple agents and third parties to displace a vulnerable claimant." (Compl. at 1.) The Racketeer Influenced and Corrupt Organizations Act ("RICO") "provides a private civil action to recover damages for injury 'by reason of a violation of' [the statute's] substantive provisions." Sedima, S.P.R.L. v. Imrex Corp., 473 U.S. 479, 481 (1985) (quoting 18 U.S.C. § 1964(c)). To state a valid claim under 18 U.S.C. 1962(c), a plaintiff is required to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Id. at 496.

An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice…." Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004), citing 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years of each other. 18 U.S.C. at § 1961(5). However, while two acts are necessary to state a claim under RICO, those two predicate acts may nonetheless not be sufficient. Turner, 362 F.3d at 1229. "A 'pattern' of racketeering activity also requires proof that the racketeering predicates are related and 'that they amount to or pose a threat of continued criminal activity.'" Id. (quoting H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989)). Significantly, "an alleged 'series of related predicates' not 'extending over a substantial period of time' and not 'threatening…future criminal conduct' fails to" state a claim under RICO. Id.

It is unclear what predicate acts form the basis of the alleged pattern of racketeering activity against unspecified defendants. To the extent Plaintiff claims mail fraud pursuant to 18 U.S.C. § 1341 is a predicate act, it is not sufficiently pleaded. Such allegations are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be

alleged generally." Fed. R. Civ. P. 9(b). As previously discussed, Plaintiff's complaint does not satisfy the Rule 8 pleading standards, nonetheless the "who, what, when, where, why, and how" required by Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009). Plaintiff merely alleges State Farm knowingly listed its address as Plaintiff's without his consent and intercepted his mail. (Compl. at 2.) Plaintiff fails to otherwise specify any "coordinated misconduct," such as who committed the violation, and when and where it occurred. Plaintiff fails to state a claim under RICO.

    2.    <u>ADA</u>

Plaintiff broadly alleges a violation of the Americans with Disabilities Act for "failure to accommodate and protect a claimant with documented disabilities" against unspecified defendants. (Compl. at 2.)

Title II of the ADA, 42 U.S.C. § 12132 prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim of disability discrimination under Title II, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)). A plaintiff may only assert a Title II claim against "public entities." 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

Additionally, to assert a claim against a private entity under Title III of the ADA, a plaintiff must allege: "(1) he is disabled as defined by the ADA; (2) the defendant is a private entity that owns, leases or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable

modification that was (b) necessary to accommodate the plaintiff's disability". Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).

Plaintiff fails to allege sufficient facts to support an ADA claim against either State Farm, a private entity, or the CDI, a public entity. Even assuming Plaintiff's allegation that he has ADHD and PTSD is sufficient to show he is an individual with a qualified disability under the ADA, Plaintiff's complaint does not clearly allege the remaining elements of either a Title II or Title III ADA claim. Accordingly, Plaintiff fails to state a claim under the ADA.

### 3. 18 U.S.C. §§ 241, 1341

Plaintiff alleges violations of "18 U.S. Code § 241 - Conspiracy against rights" and "18 U.S. Code § 1341 – Mail Fraud." (Compl. at 2.) To the extent Plaintiff intends to bring claims under these statutes, such claims are not cognizable as these are criminal statutes which confer no private right of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted); Velia v. Amador Cnty., No. 2:24-CV-2535-DJC-CKD, 2024 WL 4466742, at *1 (E.D. Cal. Sept. 20, 2024) (no private civil cause of action under 18 U.S.C. § 241); Lobstein v. Washington Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1, No. 2:19-cv-07615-SVW-JPR, 2019 WL 9362078, at *3 (C.D. Cal. Dec. 18, 2019) (no private right of action under 18 U.S.C. § 1341). The instant case is not one of a federal prosecution and "in American jurisprudence… a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Because these statutes do not create a private right of action, Plaintiff fails to state cognizable claims under 18 U.S.C. § 241 or 18 U.S.C. § 1341.

### 4. 42 U.S.C. § 1983

Plaintiff also alleges a violation of 42 U.S. Code § 1983 – Civil action for deprivation of rights." (Compl. at 2.) Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim

under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

To the extent Plaintiff brings a Section 1983 claim against the CDI, he cannot do so. The CDI is not a "person" subject to liability under 42 U.S.C. § 1983. Lambey v. California Dep't of Ins., No. CIV. S-11-2392 KJM, 2012 WL 33034, at *2 (E.D. Cal. Jan. 6, 2012); Will v. Michigan Dept. of State Police, 491 U.S. 58, 64–66 (1989) (states, state agencies and state officials sued in their official capacities are not persons subject to civil rights suits); Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) (noting "the State and arms of the State ... are not subject to suit under § 1983 in either federal court or state court.")

Neither is State Farm a "person" subject to liability under 42 U.S.C. § 1983. Further, Plaintiff fails to allege facts that plausibly support State Farm or its agents were acting under color of state law. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

Even if Plaintiff amended his complaint to meet the first prong of a Section 1983 action, he must also demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. The complaint must allege that every defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

In short, Plaintiff must allege a violation of a right secured by the constitution or federal law to state a claim under Section 1983. Plaintiff does not allege either Defendant violated a constitutional right in the instant complaint. Nor does Plaintiff state what federal law would support a Section 1983 claim. The Court notes the only potentially applicable alleged violation of federal law is that an unspecified defendant violated the ADA. However, Plaintiff cannot

allege a Section 1983 claim predicated upon a violation of the ADA.

"An alleged violation of federal law may not be vindicated under § 1983...where... 'Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme.' " Vinson v. Thomas, 288 F.3d 1145, 1155 (9th Cir. 2002) (quoting Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). "[A] comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right." Vinson, 288 F.3d at 1155 (quoting Lollar v. Baker, 196 F.3d 603, 609 (5th Cir. 1999)). The Ninth Circuit has found that the specificity and comprehensiveness of the ADA "suggest[s] that Congress intended the Title II remedial scheme to be the exclusive means by which a party could vindicate his Title II ADA rights, and that allowing the plaintiff to use the more general § 1983 remedial scheme instead would be contrary to Congress's intent." Okwu v. McKim, 682 F.3d 841, 844 (9th Cir. 2012) (citing Vinson, 288 F.3d at 1156).

Thus, "[s]ection 1983 is not a vehicle to vindicate statutory rights secured by the ADA; rather, plaintiff must sue under the ADA directly." Hill v. Baca, No. 08-03834 CAS (AJW), 2010 WL 1727655, at *6 (C.D. Cal. Apr. 26, 2010). Accordingly, to the extent Plaintiff's section 1983 claim is predicated upon a violation of the ADA, Plaintiff fails to state a claim.

5. Supplemental Jurisdiction

Because Plaintiff fails to plausibly allege any federal claims, this Court does not have federal question jurisdiction.[2] Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are that are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Relevant here, the district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

---

[2] Because the CDI is a named Defendant, the Court does not have diversity jurisdiction.

1    Plaintiff's laundry-list of violations includes three state law claims. As pleaded, the Court would recommend declining to exercise supplemental jurisdiction over Plaintiff's state law claims because he has not stated a valid federal claim. However, in the event that Plaintiff, who is proceeding *pro se*, amends his complaint to plausibly allege a federal claim, the Court briefly provides the legal standards relevant to the state law claims listed in Plaintiff's complaint.

### a.  California Fair Claims Settlement Practices Regulations

Plaintiff alleges "multiple violations of fair settlement standards," including Title 10, Cal. Code Regs. § 2695.7 (Compl. at 2.) That regulation, under the title "Standards for Prompt, Fair, and Equitable Settlements," includes seventeen subsections detailing requirements imposed on an insurer. Plaintiff fails to allege any facts regarding a settlement, which subsection applies, or which defendant purportedly violated this section.

Regardless of the factual deficiencies, a prior screening order by this Court informed Plaintiff that the regulations set forth in 10 C.C.R. § 2695.1, *et seq*. do not create a private right of action. Goodwin v. State Farm Gen. Ins. Co., No. 1:24-CV-00795-JLT-SAB, 2024 WL 3889915, at *6 (E.D. Cal. Aug. 21, 2024); see Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co., No. 1:21-cv-01247-JLT-BAK (BAM), 2022 WL 1665220, at *5 (E.D. Cal. May 25, 2022); Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2020 WL 3893395, at *6 (E.D. Cal. July 10, 2020); Rattan v. United Servs. Auto. Ass'n, 84 Cal. App. 4th 715, 724 (Cal. Ct. App. 2000) ("neither the Insurance Code nor regulations adopted under its authority provide a private right of action.")). To the extent Plaintiff alleges an unspecified defendant violated 10 C.C.R. § 2695.7, Plaintiff fails to state a cognizable claim.

### b.  Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (citations and quotations omitted). For conduct to be "outrageous" it must be so "extreme as to

1 exceed all bounds of that usually tolerated in a civilized community." Davidson v. City of
2 Westminster, 32 Cal. 3d 197, 209 (1982).

3      Plaintiff falls far short of stating a claim for IIED. Most glaringly, Plaintiff does not
4 allege that he suffered any emotional distress, nonetheless severe or extreme emotional distress.
5 Nor does Plaintiff point to any specific conduct by any defendant that is extreme and outrageous
6 with the intent to cause, or reckless disregard of the probability of causing, emotional distress.
7 Plaintiff therefore fails to state a claim for IIED.

8      **c.    Constructive Fraud**

9      Plaintiff also alleges constructive fraud in his list of violations. To state a claim for
10 constructive fraud, a plaintiff must allege: (1) a fiduciary or confidential relationship; (2) an act,
11 omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage.
12 Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc., 965 F. Supp. 2d 1141, 1152 (E.D. Cal.
13 2013) (citing Cal. Civ. Code § 1573). Constructive fraud "is a unique species of fraud applicable
14 only to a fiduciary or confidential relationship." Prakashpalan v. Engstrom, Lipscomb & Lack,
15 223 Cal. App. 4th 1105, 1131 (2014), as modified on denial of reh'g (Feb. 27, 2014). Further, a
16 constructive fraud claim is subject to the heightened pleading requirement under Rule 9(b).
17 Sacramento E.D.M., Inc., 965 F. Supp. 2d at 1152.

18      Plaintiff does not allege any facts suggesting that State Farm or the CDI owed him a
19 fiduciary duty. Nor does Plaintiff allege an existence of a confidential relationship between any
20 Defendant and Plaintiff. Plaintiff's constructive fraud claim does not satisfy the heightened
21 pleading standard under Rule 9. Plaintiff therefore fails to state a claim for constructive fraud.

22 **IV.**
23 **CONCLUSION AND ORDER**

24      Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief.
25 The Court will grant Plaintiff an opportunity to amend the complaint to cure the above-identified
26 deficiencies to the extent Plaintiff is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122,
27 1130 (9th Cir. 2000).

28      Plaintiff's amended complaint must comply with Rule 8 of the Federal Rules of Civil

Procedure, and Rule 9(b) where necessary. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;
3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed without leave to amend for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 28, 2025**

STANLEY A. BOONE
United States Magistrate Judge

13