# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN GOODWIN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM INSURANCE, et al.,<br><br>  Defendants. | Case No. 1:25-cv-00431-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF Nos. 1, 4)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Duchun Goodwin ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action on April 14, 2025. (ECF No. 1.) On April 28, 2025, a screening order issued finding Plaintiff had failed to state any cognizable claim and granting Plaintiff leave to file a first amended complaint within thirty days. (ECF No. 4.) In the April 28, 2025 order, Plaintiff was advised that if he failed to file an amended complaint, the Court would recommend that the action be dismissed without leave to amend for failure to state a claim. (Id. at 13.) More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the screening order. For the following reasons, the Court recommends the action be dismissed for failure to state a cognizable claim, failure to prosecute this action, and failure to obey the Court's order to file an amended complaint.

1

# I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting

Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato, 70 F.3d 1106.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names State Farm Insurance ("State Farm") and the California Department of Insurance ("CDI") as defendants in this action.  (ECF No. 1 ("Compl.") at 1.)  Plaintiff alleges he has been diagnosed with ADHD and PTSD.  (Id.)  Plaintiff lists the following seven "core allegations": (1) State Farm knowingly listed their office address as Plaintiff's mailing address without consent, intercepted critical mail, and altered Plaintiff's contact information for over a year; (2) Plaintiff discovered and reported this action via email to Laura Selby and only after this exposure was the mailing address corrected; (3) State Farm's local agent, Phillip, scheduled an appraisal on February 23, 2021, yet no appraisal occurred, which led to failure to relocate Plaintiff under proper claims handling standards; (4) mail sent from the federal court was returned under the false premise that Plaintiff did not reside at his address; (5) Plaintiff was kicked out of hotel accommodations on October 5, 2020, following a false claim by Poonam Kelsey from State Farm that Plaintiff owed a $900 rental abatement and $500 deductible, which Plaintiff alleges are figures that were never communicated nor agreed upon; (6) State Farm consistently lied through calls, emails, and denial of benefits while claiming the matter had been settled; and (7) the CDI, including investigator Liza Pedrosa, failed to act or properly investigate despite repeated complaints since 2020.  (Id.)

Plaintiff requests relief in the form of the issuance of subpoenas to Defendants, emergency injunctive relief to preserve housing and credit status, monetary damages, and a judicial declaration holding Defendants accountable for regulatory misconduct and violations of Plaintiff's rights.  (Id. at 2.)

# III.

# DISCUSSION

**A.    Failure to State a Claim**

1.    Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Court notes Plaintiff has filed five other civil actions against the same defendants in the past two years.[1] In recommending dismissal of the following cases, courts provided Plaintiff the requisite pleading standard under Rule 8. See Goodwin v. State Farm Gen. Ins. Co., Case No. 1:23-cv-00165-ADA-HBK (initial complaint filed February 2, 2023, against State Farm, Philip Call, Poonam Kalsi, and Laura Selby for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed as deficient and facially frivolous); Goodwin v. State Farm Gen. Ins. Co., No. 1:23-CV-00232-SAB (initial complaint filed on February 15, 2023, against State Farm and its agents for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed for failure to state a claim); Goodwin v. The California Dep't of Ins., Case No. 1:23-

---

[1] The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978)); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.")

4

cv-00259-JLT-HBK (initial complaint filed on February 21, 2023, against the California Department of Insurance and its agents, including Liza Pedrosa for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed because the amended complaint was devoid of any parties or facts that would permit the Court to find that is has jurisdiction, failed to comply with Rule 8, and failed to establish an arguable basis in law or fact and was therefore facially frivolous); Goodwin v. The California Dep't of Ins., Case No. 23-cv-00346-JLT-HBK (filed on March 8, 2023, against the CDI for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed for failure to prosecute); Goodwin v. State Farm Gen. Ins. Co., Case No. 24-cv-00795-JLT-SAB (initial complaint filed on July 9, 2024, against State Farm and its agents, including Poonam Kalsi, Laura Selby, and Phillip Call, for violations of sections 102 and 103 of the Civil Rights Act of 1991; 41 U.S.C. § 6503; 48 C.F.R. 52.233-4; California Insurance Code Section 790.03(h); 10 C.C.R. §§ 2695.7 and 2695.9; dismissed for failure to state a claim that invokes this Court's jurisdiction, failure to prosecute, and failure to comply with a Court order).

Despite being well aware of the federal pleading standards, Plaintiff's instant complaint does not comply with Rule 8. While it is short, it does not clearly state what happened. Instead, Plaintiff's complaint is an impermissible "shotgun" pleading. See Hughey v. Camacho, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (noting a shotgun pleading occurs when "one party pleads multiple claims and does not identify which specific facts are allocated to which claim.") Plaintiff's lists eight causes of action but does not state which of his seven "core allegations" relate to which claim, how the facts relate to the elements of the legal claims raised, nor which Defendant is implicated in each claim.

Courts may dismiss a complaint for failure to comply with Rule 8 even when the complaint is not "wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id. The Court has repeatedly provided Plaintiff guidance that a civil complaint must contain sufficient facts showing the plaintiff is entitled to relief and that each defendant's involvement

must be sufficiently alleged. Plaintiff's instant complaint does not comply with these requirements set forth in Rule 8.

### 2. Federal Question Jurisdiction

This Court has previously advised Plaintiff that federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Because Plaintiff and Defendant CDI are citizen of California, this Court does not have diversity jurisdiction. Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted). Here, Plaintiff has not sufficiently alleged facts against the Defendants that would state a cognizable federal claim.

**a.    RICO**

Plaintiff alleges a violation of "Federal RICO statutes – coordinated misconduct across multiple agents and third parties to displace a vulnerable claimant." (Compl. at 1.) The Racketeer Influenced and Corrupt Organizations Act ("RICO") "provides a private civil action to recover damages for injury 'by reason of a violation of' [the statute's] substantive provisions." Sedima,

S.P.R.L. v. Imrex Corp., 473 U.S. 479, 481 (1985) (quoting 18 U.S.C. § 1964(c)).  To state a valid claim under 18 U.S.C. 1962(c), a plaintiff is required to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Id. at 496.

An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice…."  Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004), citing 18 U.S.C. § 1961(1).  A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years of each other.  18 U.S.C. at § 1961(5).  However, while two acts are necessary to state a claim under RICO, those two predicate acts may nonetheless be insufficient.  Turner, 362 F.3d at 1229.  "A 'pattern' of racketeering activity also requires proof that the racketeering predicates are related and 'that they amount to or pose a threat of continued criminal activity.'"  Id. (quoting H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989)).  Significantly, "an alleged 'series of related predicates' not 'extending over a substantial period of time' and not 'threatening…future criminal conduct' fails to" state a claim under RICO. Id.

It is unclear what predicate acts form the basis of Plaintiff's alleged pattern of racketeering activity against unspecified defendants.  To the extent Plaintiff claims mail fraud pursuant to 18 U.S.C. § 1341 is a predicate act, it is not sufficiently pleaded. Such allegations are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  As previously discussed, Plaintiff's complaint does not satisfy the Rule 8 pleading standards, nonetheless the "who, what, when, where, why, and how" required by Rule 9(b).  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).  Plaintiff merely alleges State Farm knowingly listed its address as Plaintiff's without his consent and intercepted his mail. (Compl. at 2.)  Plaintiff fails to otherwise specify

any "coordinated misconduct," such as who committed the violation, and when and where it occurred. Accordingly, Plaintiff fails to state a claim under RICO.

**b.     ADA**

Plaintiff broadly alleges a violation of the Americans with Disabilities Act for "failure to accommodate and protect a claimant with documented disabilities" against unspecified defendants. (Compl. at 2.)

Title II of the ADA, 42 U.S.C. § 12132 prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim of disability discrimination under Title II, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)). A plaintiff may only assert a Title II claim against "public entities." 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

Additionally, to assert a claim against a private entity under Title III of the ADA, a plaintiff must allege: "(1) he is disabled as defined by the ADA; (2) the defendant is a private entity that owns, leases or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability". Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).

Plaintiff fails to allege sufficient facts to support an ADA claim against either State Farm, a private entity, or the CDI, a public entity. Even assuming Plaintiff's allegation that he has ADHD and PTSD is sufficient to show he is an individual with a qualified disability under the

1 ADA, Plaintiff's complaint does not clearly allege the remaining elements of either a Title II or
2 Title III ADA claim.  Accordingly, Plaintiff fails to state a claim under the ADA.

3       **c.**      **Title 18 of the United States Code**

4       Plaintiff also alleges violations of "18 U.S. Code § 241 - Conspiracy against rights" and
5 "18 U.S. Code § 1341 – Mail Fraud."  (Compl. at 2.)  To the extent Plaintiff intends to bring
6 standalone claims under these statutes, such claims are not cognizable as these are criminal
7 statutes which confer no private right of action.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.
8 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability")
9 (citations omitted); Velia v. Amador Cnty., No. 2:24-CV-2535-DJC-CKD, 2024 WL 4466742, at
10 *1 (E.D. Cal. Sept. 20, 2024) (no private civil cause of action under 18 U.S.C. § 241); Lobstein
11 v. Washington Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1, No. 2:19-cv-
12 07615-SVW-JPR, 2019 WL 9362078, at *3 (C.D. Cal. Dec. 18, 2019) (no private right of action
13 under 18 U.S.C. § 1341).  The instant case is not one of a federal prosecution and "in American
14 jurisprudence… a private citizen lacks a judicially cognizable interest in the prosecution or
15 nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  Because these
16 statutes do not create a private right of action, Plaintiff fails to state cognizable claims under 18
17 U.S.C. § 241 or 18 U.S.C. § 1341.

18       **d.**      **42 U.S.C. § 1983**

19       Plaintiff also alleges a violation of 42 U.S. Code § 1983 – Civil action for deprivation of
20 rights."  (Compl. at 2.)  Section 1983 provides a cause of action for the violation of a plaintiff's
21 constitutional or other federal rights by persons acting under color of state law.  Nurre v.
22 Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. Cnty. of Los Angeles, 442 F.3d 1178,
23 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim
24 under section 1983, Plaintiff is required to show that (1) each defendant acted under color of
25 state law and (2) each defendant deprived him of rights secured by the Constitution or federal
26 law.  Long, 442 F.3d at 1185.

27       To the extent Plaintiff brings a Section 1983 claim against the CDI, he cannot do so.  The
28 CDI is not a "person" subject to liability under 42 U.S.C. § 1983.  Lambey v. California Dep't of

Ins., No. CIV. S-11-2392 KJM, 2012 WL 33034, at *2 (E.D. Cal. Jan. 6, 2012); Will v. Michigan Dept. of State Police, 491 U.S. 58, 64–66 (1989) (states, state agencies and state officials sued in their official capacities are not persons subject to civil rights suits); Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) (noting "the State and arms of the State ... are not subject to suit under § 1983 in either federal court or state court.")

Neither is State Farm a "person" subject to liability under 42 U.S.C. § 1983. Further, Plaintiff fails to allege facts that plausibly support State Farm or its agents were acting under color of state law. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

Even if they were considered "person(s)" subject to liability under Section 1983, Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. The complaint must allege that every defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012). Plaintiff does not allege either Defendant violated a right secured by the Constitution. Nor does Plaintiff state what federal law supports his Section 1983 claim. Accordingly, Plaintiff fails to state a claim under Section 1983.

e.     **Plaintiff's State Law Claims**

Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are that are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Relevant here, the district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). The Court recommends declining

supplemental jurisdiction over Plaintiff's state law claims.[2]

### B. Plaintiff's Failure to Prosecute and Comply with a Court Order

Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute. Plaintiff failed to file an amended complaint as provided by the April 28, 2025 order granting him leave to amend. A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine, 460 F.3d at 1226.

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of April 28, 2025. (ECF No. 4.) Plaintiff has been provided with both the legal standards

---

[2] The Court provided the relevant legal standards related to each state law claims mentioned in Plaintiff's complaint in its screening order. (ECF No. 1 at 10-12.)

11

that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently, there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's April 28, 2025 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed without leave to amend for failure to state a claim." (ECF No. 4 at 13.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim. Plaintiff's noncompliance warrants dismissal.

## IV.

## CONCLUSION AND ORDER

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without leave to amend for Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with a court order.

///

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court limited to 15 pages in length, including any exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **June 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge